HON. ANTHONY J. FORTE Town Attorney, Smithtown
This is in response to a letter received from James J. Malloy, Assistant Town Attorney of the Town of Smithtown, requesting the opinion of the Attorney General concerning the Smithtown Water District. Mr. Malloy states that the Smithtown Water District is a municipal water district serving a portion of the Town of Smithtown. Located within the district is a not-for-profit hospital and a public school district, both of which are consumers of water from the district. There are provisions by the district for a penalty to be imposed when payment for water consumption is delayed beyond a certain date after billing. Apparently the aforementioned hospital and school district, after failing to pay their water bill before the date when the penalty attaches, have refused to pay the accrued penalties, contending that they are exempt from paying such penalties. Mr. Malloy thus inquires whether the school district or hospital is in fact exempt from payment of such penalties.
Articel 12 of the Town Law, pertaining to the establishment of improvement districts, provides, in pertinent part, as follows:
 "§ 198. Powers of town boards with respect to improvement districts
 "The town board of every town, except as otherwise provided by law, shall have authority to and may exercise the following powers with respect to improvement districts, * * *:
* * *
"3. Water districts.
* * *
 "(d) Water rates. The town board shall establish, from time to time, the water rates to be paid by consumers and may provide for the payment of said water charges in advance. * * * The town board may provide by ordinance or resolution that unpaid water charges in arrears for thirty days or longer shall be subject to a penalty not exceeding ten per centum of the amount due, * * *." (Emphasis supplied.)
Under authority of the above statute, a town board may impose a penalty upon those consumers of water whose bill is in arrears for thirty days or longer. However, the statute does not provide for any individual exceptions to be made in such a case, so as to exempt a not-for-profit corporation or a school district from payment of the penalties.
It has been stated that charges to a hospital for water usage are contractural charges and do not constitute a tax (Op. 3-73, State Board of Equalization and Assessment). Therefore, as a contractual charge, such payments do not come within the exemptions from real property taxation which are provided in section 421 of the Real Property Tax Law. In this regard, an excerpt from Town Board of the Town of Poughkeepsie, et al. v.City of Poughkeepsie, 22 A.D.2d 270, 276 (1964), is worthy of quotation:
 "An entirely different question is presented by the preferential rates accorded to Vassar College and St. Francis Hospital. There is no statute authorizing the granting of a preferential water rate to a hospital or to a college, as there is, for instance, in the case of such an institution's exemption from real property taxes (Real Property Tax Law, § 420; see N.Y. Const., art. XVI, § 1). The State Comptroller has rendered two opinions that, in the absence of any such statutory authority, a village may not furnish water at special rates either to religious, patriotic or educational institutions (5 Op. St. Comp., 1949, p. 64), or to a nonprofit hospital where the rate 'is not predicated on an increase in usage of water'
(12 Op. St. Comp., 1956, pp. 146, 147)." (Emphasis supplied.)
In the present instance we are dealing, strictly speaking, not with a special rate but a penalty assessed for failure to timely pay for water consumed at the usual rate. However, for a town to allow a school or hospital an exemption from such a penalty would amount, in effect, to the granting of a special rate to the school or hospital, since a private user who paid his bill at the same time would actually be paying more because of the addition of the penalty. In both instances (granting a special rate to hospitals and schools or exempting them from payment of late penalty) the treatment accorded to hospitals and schools would amount to preferential treatment in a monetary sense, and we therefore feel that the language of the above-quoted case would apply to an exemption from payment of a late penalty as well as a special rate for a school or hospital.
Although the language quoted from the Town Board of the Town ofPoughkeepsie, supra, case, concerned the lack of authority of avillage to furnish water at special rates, there is similarly no such authority for a town board on behalf of a water district to do so. The provisions of section 198 of the Town Law reproduced above do not allow for any exceptions to be made for schools or hospitals in the assessment of penalties for unpaid water charges. Since municipalities may exercise only those powers delegated to them by the State (Seaman v. Fedourich,16 N.Y.2d 94), in the absence of authority for the town to grant such an exemption, it may not be given.
We are not aware of any other provision of law which would entitle a public school district or a not-for-profit hospital to an exemption from payment of a penalty imposed by a town water district for the late payment of a water bill.
We conclude, therefore, that a public school district or a not-for-profit hospital located within a town water district is not entitled to an exemption from the penalty imposed by the town board for the late payment of water charges; nor is a town board authorized to grant such an exemption when the board has authorized the collection of a penalty for a late payment pursuant to the provisions of section 198 (3) (d) of the Town Law.